NOTICE:   Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-648

JULIE A. JOHNSTON

vs.

MATTHEW ASHE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Julie A. Johnston, mother, appeals from a judgment on her complaint for custody, support, and parenting time entered by a judge of the Probate and Family Court, which, among other things, denied mother's request to remove her two children from Massachusetts to Florida.  The mother claims that the judge abused her discretion or otherwise erred in denying the mother's request based on the determination that removal is not in the best interests of the children.[1]  We affirm.

---

[1] The mother also purports to appeal from a May 31, 2022 order denying her motion to alter the judgment.  Because she makes no discernable argument addressing this order in her brief, and as she conceded at oral argument, this claim is waived and we need not consider it further.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

Discussion. We review an order addressing a request to remove children from the Commonwealth for "'abuse of discretion or other error of law,' accepting the judge's findings unless shown to be clearly erroneous." E.K. v. S.C., 97 Mass. App. Ct. 403, 411-412 (2020), quoting Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives." Dolan v. Dolan, 99 Mass. App. Ct. 284, 290 n.6 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"A minor child of divorced parents who is a native of or has resided five years within this commonwealth and over whose custody and maintenance a probate court has jurisdiction shall not, if of suitable age to signify his consent, be removed out of this commonwealth without such consent, or, if under that age, without the consent of both parents, unless the court upon cause shown otherwise orders." G. L. c. 208, § 30. This rule also applies to nonmarital children with two legal parents. See Smith v. McDonald, 458 Mass. 540, 546 (2010).

"If the party seeking removal is the sole physical custodian of the children, then the judge must consider the request under a two-prong test set forth in Yannas." Altomare

2

v. Altomare, 77 Mass. App. Ct. 601, 603 (2010).  See Yannas v. Frondistou-Yannas, 395 Mass. 704, 710-712 (1985).  The first prong considers "whether there is a good reason for the move, a 'real advantage.'"  Yannas, 395 Mass. at 711.  If the custodial parent satisfies the "real advantage" test, then the question becomes whether removal is in the best interests of the children, which is the court's "paramount concern."  Id. at 710.

In evaluating the best interests of the child, a court considers "whether the quality of the child's life may be improved by the change (including any improvement flowing from an improvement in the quality of the custodial parent's life), the possible adverse effect of the elimination or curtailment of the child's association with the noncustodial parent, and the extent to which moving or not moving will affect the emotional, physical, or developmental needs of the child."  Yannas, 395 Mass. at 711.

Here, the judge determined that although the mother established a "real advantage" for the move, removal is not in the best interests of the children.  On appeal, the mother claims that the judge abused her discretion or otherwise erred by (1) dismissing the potential improvements to the children's quality of life, (2) failing to consider the extent to which moving or not moving will affect the children's emotional, physical, or developmental needs, and (3) placing

disproportionate weight on the effect of the children's relationship with their father and his family if they moved to Florida.  We disagree.

In her detailed factual findings, the judge specifically noted the potential improvements to the children's quality of life if they moved to Florida -- mainly, they would live in a bigger home, see their maternal family members more frequently, be cared for daily by family members instead of a childcare service or provider, and have indirect benefits flow from the benefits to the mother.  On the other hand, the judge considered how the children presently "have a consistent weekly parenting schedule and enjoy the time they spend with each extended side of their family," and how "uprooting the children and relocating to Florida would be disruptive to their lives."  Notably, the judge found that removal would negatively impact the children's relationship with the father and his side of the family and that the amount of travel contemplated by the mother's proposed travel schedule to alleviate this concern would be "burdensome, exhausting and disruptive."

Rather than dismissing or failing to consider the improvements and benefits to the children in moving to Florida, as the mother claims, the judge appropriately weighed these factors against the countervailing factors:  "While the Court considers the benefits to Mother and the children of Mother's

support system and a more spacious home in Florida, the Court finds that these benefits do not outweigh the cost to the children of reducing their time with Father and disrupting their well-established and thriving lives in Massachusetts." Accordingly, we reject the mother's claim that the judge abused her discretion or otherwise erred in concluding that removal is not in the children's best interests.

Judgment affirmed.

Order entered May 31, 2022,
   denying motion to alter or
   amend affirmed.

By the Court (Meade,
   Hershfang & D'Angelo, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:   September 19, 2023.

---

[2] The panelists are listed in order of seniority.